IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03224-BNB

CURTIS DEON CALLOWAY,

    Applicant,

v.

RENEE GARCIA, Warden,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Curtis Deon Calloway, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution (FCI) in Englewood, Colorado. Mr. Calloway filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction and sentence in the United States District Court for the District of Colorado (District of Colorado). He also filed a supporting brief. He has paid the $5.00 filing fee. On January 24, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Calloway to respond and show cause why the amended application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. Mr. Calloway did not file a response to the Order to Show Cause.

    The Court must construe Mr. Calloway's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the amended application and dismiss the action.

Mr. Calloway entered a guilty plea to bank fraud in violation of 18 U.S.C. § 1344 in Case No. 08-cr-00341-REB-1 in the District of Colorado.  He was sentenced to 327 days in prison followed by five years of supervised release.  The judgment of conviction entered on April 28, 2009.  He did not file a direct appeal.  On January 12, 2011, Mr. Calloway filed a motion to vacate, set aside, or correct sentence pursuant to § 2255, which the sentencing court denied as untimely on January 19, 2011.  He did not appeal from the denial.  On June 15, 2011, he again filed a motion pursuant to § 2255, which the sentencing court denied as second or successive on June 30, 2011.  He did not appeal from the denial.

It is clear from the amended habeas corpus application that Mr. Calloway is attacking his federal conviction and sentence.  In his first and second claims, Mr. Calloway asserts that the prosecution failed to disclose exculpatory evidence, in violation of his due process right.  As his third claim, Mr. Calloway alleges that the prosecution relied on perjured testimony to obtain his conviction, in violation of his due process right.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established.  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  "A 28 U.S.C. § 2255 petition attacks the

legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Calloway fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective. The fact that Mr. Calloway has sought and been denied relief pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Calloway likely is barred from raising his claims in a second or successive motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Therefore, Mr. Calloway is foreclosed from proceeding under 28 U.S.C. § 2241.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438

(1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Amended Application is denied and the action is dismissed because Mr. Calloway fails to demonstrate the remedy available to him in the sentencing court is ineffective or inadequate to test the legality of his detention. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   1st   day of    March         , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court